

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-358-CR

ROLANDO BAZANES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

A jury found Appellant Rolando Bazanes guilty of three counts of indecency with a child and assessed his punishment at twelve years' imprisonment for each count. The trial court sentenced him accordingly, ordering that the sentences run consecutively. In four points, Bazanes argues that the jury charge was erroneous, that the evidence was legally insufficient

to support his conviction, and that his defense counsel was ineffective. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

E.C.B., who was twelve years old at the time, and her younger sister B.B. were visiting their father, Bazanes, in Denton for two weeks. Bazanes operated an assisted-living business in his home; there was no bedroom for the girls in the home, and he and his daughters slept in a large closet. The night before the girls were to return to their home in McAllen, E.C.B. awoke to Bazanes trying to kiss her and trying to put his tongue in her mouth. Bazanes put his hand under her underwear and touched her genitals and put his hand under her shirt and grabbed her breast. He also pulled down his pajama pants, took E.C.B.'s hand, and placed it on his penis. He asked E.C.B. to kiss him back, to which E.C.B. said, "[N]o." E.C.B. made a movement, and Bazanes stopped touching her.

The next morning B.B. could tell that her sister had been crying. She asked E.C.B. what was wrong, and her sister responded that she would tell her later. On the flight back to McAllen, E.C.B. told B.B. what had happened.

E.C.B.'s aunt noticed that E.C.B. was not acting normally after her visit to see Bazanes. Over a month after the incident, E.C.B. told her aunt what had happened, and the following day, they contacted the police. Detectives Virginia

2

Nichols and Shane Kizer, who investigate crimes against children for the Denton Police Department, interviewed Bazanes. Bazanes initially denied any touching or kissing, but by the end of the approximately three-and-one-half-hour interview, he admitted to kissing E.C.B., but he claimed that E.C.B. had initiated it and that he had moved her off of him when she started kissing him. He ultimately admitted that when he moved E.C.B. off of him, he "felt something," and when asked if it was E.C.B.'s vagina, he said, "Yes." Bazanes could not explain how he had accidentally touched E.C.B. under her clothing.

A Sexual Assault Nurse Examiner ("SANE") examined E.C.B. approximately two months after the incident. The SANE nurse who examined E.C.B. did not testify at Bazanes's trial, but another SANE nurse testified that the results of the examination showed blunt force trauma to E.C.B.'s hymen.[1] She explained that the injury could have been caused by penetration of a finger, a penis, or another object.

At Bazanes's trial, E.C.B. testified that when her father touched her, she was uncomfortable and scared. She testified that Bazanes was breathing hard, that his penis felt "hard," and that he moved her hand "a little" over his penis.

_____

[1] Photographs taken during the examination were also admitted into evidence.

She also testified that when she was about five years old, Bazanes had kissed her neck and grabbed her buttocks when they were alone.

### III. JURY CHARGE

In his first and second points, Bazanes complains that the jury charge was erroneous. Bazanes acknowledges that his defense counsel did not object to the jury charge,[2] but he argues that he was egregiously harmed by these errors. We will address each of his complaints separately below.

### A. Standard of Review

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we must determine whether error occurred. *See Abdnor*, 871 S.W.2d at 731–32. If it did, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.*

If there is error in the court's charge but the appellant did not preserve it at trial, we must decide whether the error was so egregious and created such harm that the appellant did not have a fair and impartial trial—in short, that "egregious harm" has occurred. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.

---

[2] At trial, Bazanes's defense attorney stated that he had "[n]o objections" to the proposed charge.

4

Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). Egregious harm is the type and level of harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen*, 253 S.W.3d at 264 & n.15; *Olivas v. State*, 202 S.W.3d 137, 144, 149 (Tex. Crim. App. 2006); *Almanza*, 686 S.W.2d at 172.

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Hutch*, 922 S.W.2d at 171.

### B. Jury Charge on Culpable Mental State

In his first point, Bazanes argues that the jury charge erroneously allowed the jury to convict him of indecency with a child for "intentionally or knowingly"

5

engaging in sexual contact with E.C.B., although the proper mens rea for the offense is the specific intent "to arouse or gratify the sexual desire of any person." Tex. Penal Code Ann. § 21.11(c) (Vernon Supp. 2009). The State admits error but argues that Bazanes did not suffer egregious harm as a result of the error.

The elements of indecency with a child are that the accused (1) engaged in "sexual contact," (2) with a child, (3) younger than seventeen years of age, (4) whether the child is of the same or opposite sex. *See id.* § 21.11(a)(1). "Sexual contact" means the following acts, *if committed with the intent to arouse or gratify the sexual desire of any person*: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c).

In this case, the abstract portion of the jury charge provided: "Our law provides that a person commits an offense if, with a child younger than 17 years old and not his spouse, whether the child is the same or opposite sex, he engages in sexual contact with the child." It also defined "sexual contact" as "any touching of any part of the genitals or breasts of another person *with intent to arouse or gratify the sexual desire of any person*." [Emphasis added.]

6

Although the abstract portion of the charge did not use the terms "intentionally" or "knowingly" in defining the applicable substantive law, it included full statutory definitions of "intentionally" and "knowingly."

The application portion of the jury charge allowed the jury to convict Bazanes of indecency with a child if it found beyond a reasonable doubt that "with the intent to arouse or gratify [his] sexual desire, [he] . . . *intentionally or knowingly* engage[d] in sexual contact with [E.C.B.]" by touching her breasts (Count 1), by touching her genitals (Count 2), or by causing her to touch his genitals (Count 3).[3] [Emphasis added.]

We have seen this charge language before—also from a case out of Denton County—and have held that it constituted charge error. *See Chiodo v. State*, No. 02-06-00096-CR, 2007 WL 1952375, at *4 (Tex. App.—Fort Worth July 5, 2007, pet. ref'd) (mem. op., not designated for publication). In *Chiodo*, we reasoned that "[b]ecause the application paragraph disjunctively listed the culpable mental states of knowingly and intentionally with the specific intent

---

[3] The indictment also used the phrase "intentionally or knowingly"; Count 1 of the indictment alleged that Bazanes "with the intent to arouse or gratify [his] sexual desire . . . intentionally or knowingly engage[d] in sexual contact with [E.C.B.], by touching the breasts of [E.C.B.], a child younger than 17 years of age and not the spouse of [Bazanes]." Counts 2 and 3 were the same, except that Count 2 alleged the conduct as "touching the genitals of [E.C.B.]," and Count 3 alleged the conduct as "causing [E.C.B.] to touch the genitals of [Bazanes]."

7

necessary to complete the crime, the jury could have convicted Appellant without consideration of whether he acted with the proper mens rea required by statute." *Id.* (citing *Rodriguez v. State*, 24 S.W.3d 499, 502 (Tex. App.—Corpus Christi 2000, pet. ref'd)); *see also Jones v. State*, 229 S.W.3d 489, 492 (Tex. App.—Texarkana 2007, no pet.) (finding error when charge "stated that indecency with a child is committed if the person *intentionally* or *knowingly* engages in sexual contact with a child"). As in *Chiodo*, we find error in the charge, and we will review the record to determine whether this error egregiously harmed Bazanes in light of the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information. *See Almanza*, 686 S.W.2d at 171.

Looking at the charge as a whole, the abstract portion accurately stated the substantive law on the offense of indecency with a child—including the specific intent to arouse or gratify—thus informing the jury of what the State had and did not have to prove. *See Chiodo*, 2007 WL 1952375, at *4. Although the charge defined "intentionally" and "knowingly" and included those terms in the application portion of the charge, it did not include them in the abstract portion of the charge setting forth the substantive law of indecency with a child. Moreover, the charge included the required specific intent to arouse or gratify in the application portion, along with the erroneous

8

"intentionally and knowingly" language. The charge also correctly addressed extraneous offense evidence, the indictment, statements of the court and of counsel, the presumption of innocence, the credibility of witnesses and weight to be given their testimony, and the burden of proof. Consequently, within the context of the entire jury charge, the erroneous application paragraph appears less harmful. *See id.*; *see also Fulcher v. State*, 274 S.W.3d 713, 718–19 (Tex. App.—San Antonio 2008, pet. ref'd) (holding that error in omitting requisite mental state from application paragraph of charge did not result in egregious harm).

Regarding the state of the evidence, the primary contested issue at trial was whether E.C.B's testimony was credible. As we explain more fully in addressing Bazanes's third point below, the specific intent required for the offense of indecency with a child may be inferred from Bazanes's conduct, his remarks, and all of the surrounding circumstances—specifically from E.C.B.'s testimony in this regard. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, could have inferred Bazanes had the intent to arouse or gratify his sexual desire from E.C.B.'s testimony about the incident. *See id.*

9

In conducting our egregious harm analysis, we next address the arguments of counsel. During its closing argument, the State did not refer to any requirement that Bazanes act intentionally or knowingly. *See Jones*, 229 S.W.3d at 494; *cf. Ngo v. State*, 175 S.W.3d 738, 751 (Tex. Crim. App. 2005) (finding egregious harm in jury charge error when prosecutor and trial court repeatedly misstated law). Instead, the State correctly discussed the requisite specific intent when discussing the elements of indecency with a child:

> The next thing was the intent to arouse or gratify. We talked about, well, how is . . . evidence of that shown? There's not going to be an expert to come in here and tell you he acted with intent. You're gong to have to look at the facts and circumstances surrounding the event.

> Is this an individual changing a child's diaper? Is this an individual giving a child a bath? No. This is in the closet at night with kissing, underneath the clothes, on the vagina. There's the intent to arouse or gratify.

> The defendant can say as many times as he wants that it was accidental, but we all know that you don't touch a child in that manner after kissing in a closet in the middle of the night without it being intent to arouse and gratify.

> Those are the elements. We have to prove those beyond a reasonable doubt, and we've done that.

Defense counsel then argued in his closing argument that the State had "to prove to each of you beyond a reasonable doubt not just that [Bazanes] touched her, but that he touched her . . . intentionally for a sexual purpose," that he

10

"did it intentionally to gratify sexual desires." Finally, the State addressed the specific intent again in its rebuttal:

> [Y]ou've got to prove that this was for sexual gratification. Ladies and gentleman, you don't kiss someone with your tongue and feel their breasts and stick your finger on their vagina without it being for sexual gratification. A grown man doesn't make a person, much less a child, touch his erect penis unless it is for the purpose of sexual gratification.

Consequently, the jury was not misled by the arguments of counsel and, instead, was repeatedly and correctly advised that the State had to prove that Bazanes possessed the requisite specific intent to arouse or gratify his sexual desire.

In light of our review of the charge, the evidence, the arguments of counsel, and other relevant information, we conclude that the complained-of error in the jury charge did not cause egregious harm to Bazanes. *See Almanza*, 686 S.W.2d at 171; *Chiodo*, 2007 WL 1952375, at *4; *see also Fulcher*, 274 S.W.3d at 718–19. Consequently, we overrule Bazanes's first point.

### C. Jury Charge on Definition of Sexual Contact

In his second point, Bazanes argues that the definition of sexual contact in the jury charge erroneously failed to include the subsection (2) definition of sexual contact—"any touching of any part of the body of a child, including touching through clothing, of the anus, breast, or any part of the genitals of a

11

child." Tex. Penal Code Ann. § 21.11(c)(2). He argues that because the jury charge did not include this definition, the jury could not have properly convicted him of the offense alleged in Count 3 of the indictment (indecency with a child by causing E.C.B. to touch his genitals). The State argues that the definition of sexual contact was correct and simply "combined the definitions [of sexual contact] into one sentence" and that, alternatively, any error did not result in egregious harm to Bazanes.

The charge used the general definition of "sexual contact" from penal code section 21.01, rather than the definition provided in section 21.11 that is applicable to the offense of indecency with a child. *Compare id.* § 21.01(2) (Vernon Supp. 2009) ("'Sexual contact' means, *except as provided by section 21.11*, any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.") (emphasis added), *with id.* § 21.11(c) (defining "sexual contact" in relation to the offense of indecency with a child).

Assuming, without deciding, that the definition of "sexual contact" in the abstract portion of the jury charge erroneously omitted the definition of the type of contact alleged in Count 3 of the indictment, we note that the application portion of the jury charge properly applied the subsection (2) definition of sexual contact to the facts:

12

Now if you find from the evidence beyond a reasonable doubt that . . . Bazanes, did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly cause [E.C.B.], a child younger than 17 years and not the spouse of the defendant, to engage in sexual contact by causing the said child, [E.C.B.] to touch the genitals of the defendant . . . , then you will find the defendant guilty of Indecency with a Child, as charged in Count III of the indictment.

Although such a proper application paragraph does not cure any error in the instruction, it does factor into the harm analysis. *See Cook v. State*, 884 S.W.2d 485, 492 n.6 (Tex. Crim. App. 1994); *Harrell v. State*, 923 S.W.2d 104, 107–09 (Tex. App.—Houston [14th Dist.]), *vacated on other grounds*, 930 S.W.2d 100 (Tex. Crim. App. 1996). "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000).

Because the application paragraph correctly instructed the jury on the elements of the offense of sexual contact as charged in Count 3 of the indictment, we hold that Bazanes was not egregiously harmed by any error in the definition of sexual contact. *See Medina*, 7 S.W.3d at 640; *see also Meanes v. State*, 668 S.W.2d 366, 374–75 (Tex. Crim. App. 1983) (holding failure to give abstract instruction defining capital murder was not error when constituent elements of murder were set forth at length in application

13

paragraph), *cert. denied*, 466 U.S. 945 (1984).  We overrule Bazanes's second point.

### IV.  LEGAL SUFFICIENCY OF THE EVIDENCE

In his third point, Bazanes argues that legally insufficient evidence existed to show that he acted with the specific intent to arouse or gratify his sexual desires.

### A.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.  The trier of fact is the sole judge of the weight and credibility of the evidence.  *See* Tex. Code Crim.

14

Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik,*

15

953 S.W.2d at 240. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000).

In determining the legal sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

## B.  Legally Sufficient Evidence of Specific Intent

The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. *See McKenzie*, 617 S.W.2d at 216; *Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005) (providing that conviction for indecency with a child is supportable by uncorroborated testimony of victim if victim reported offense to another within one year of offense). An oral expression of intent is not required; the conduct itself is sufficient to infer intent. *Connell*, 233 S.W.3d at 467 (citing *C.F. v. State*, 897 S.W.2d 464,

16

472 (Tex. App.—El Paso 1995, no writ)). Additionally, a complainant's testimony alone is sufficient to support a conviction for indecency with a child. *Id.* at 466 (citing Tex. Code Crim. Proc. Ann. art. 38.07; *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)).

Here, E.C.B. testified that she awoke to Bazanes trying to kiss her and trying to put his tongue in her mouth, that he put his hand under her underwear and touched her genitals, that he put his hand under her shirt and touched or grabbed her breast, and that he took her hand and placed it on his penis. She said that his penis felt "hard." She further testified that Bazanes had told her to kiss him back, was breathing hard, and would move her hand a little over his penis. The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, could have inferred Bazanes acted with the intent to arouse or gratify his sexual desire from E.C.B.'s testimony.[4] *See* Tex. Code Crim. Proc. Ann. art. 38.04; *McKenzie*, 617 S.W.2d at 216.

Viewing all of the evidence in the light most favorable to the prosecution and deferring, as we must, to the jury's determination and evaluation of the

---

[4] The majority of Bazanes's argument in his third point is that we should not consider certain other testimony and evidence admitted at trial. We need not address his specific complaints because, under the appropriate standard of review and substantive law, E.C.B.'s testimony is sufficient to support the conviction. *See Connell*, 233 S.W.3d at 466.

witnesses' credibility and demeanor, we hold that there was evidence and reasonable inferences therefrom upon which a rational trier of fact could have found beyond a reasonable doubt that Bazanes acted with the intent to arouse or gratify his sexual desire. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brown*, 270 S.W.3d at 568; *Clayton*, 235 S.W.3d at 778. Accordingly, we hold that the evidence is legally sufficient to support Bazanes's conviction, and we overrule his third point.

## V. EFFECTIVE ASSISTANCE OF COUNSEL

In his fourth point, Bazanes argues that his counsel was ineffective for not objecting to the jury charge and not objecting to Nurse Fornara's testimony on grounds of hearsay and improper bolstering.

### A. Standard of Review

We apply a two-pronged test to ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). There is no requirement that an appellate court approach the two-pronged inquiry of *Strickland* in any particular order or even address both components of the inquiry if the defendant makes

18

an insufficient showing on one component. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 62–63; *Thompson*, 9 S.W.3d at 812.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind

19

trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, the appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

### B.  Failure to Object to Jury Charge

Here, Bazanes first argues that his counsel was ineffective for not objecting to the "intentionally or knowingly" language in the jury charge. Had

defense counsel objected to this error and the trial court overruled the objection, Bazanes would need to show some harm on appeal. *See* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); *Abdnor*, 871 S.W.2d at 731–32; *Almanza*, 686 S.W.2d at 171. As we explained above in our egregious harm analysis, the charge stated the correct law on indecency with a child and included the specific mens rea in both abstract and application portions of the charge, the jury could have inferred the requisite specific intent from E.C.B.'s testimony, and the State and defense counsel informed the jury that the State must prove that Bazanes possessed the intent to arouse or gratify his sexual desires. *See Almanza*, 686 S.W.2d at 171; *see also Ovalle v. State*, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000) (explaining harm analysis when error preserved).

After a careful review of the record, we conclude that Bazanes has failed to demonstrate a reasonable probability that the result of the proceeding would have been different had defense counsel objected to the jury charge. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *see also Ovalle*, 13 S.W.3d at 786; *Almanza*, 686 S.W.2d at 171. Further, because Bazanes has not satisfied the second *Strickland* prong, we need not address whether he met his burden under the first prong of *Strickland*. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### C. Failure to Object to Nurse Fornara's Testimony

Bazanes next argues that his counsel was ineffective by failing to object to Nurse Fornara's testimony. Bazanes did not file a motion for new trial; therefore, the record is silent as to defense counsel's reasons for not objecting to this testimony. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Edwards v. State*, 280 S.W.3d 441, 445 (Tex. App.—Fort Worth 2009, pet. ref'd).

Based on the record before us, in light of the strong presumption of reasonable professional assistance by defense counsel, and in the absence of any opportunity for defense counsel to explain his motives for not objecting to Nurse Fornara's testimony, we cannot say that Bazanes has met his burden of showing by a preponderance of the evidence that his trial counsel's representation fell below the standard of prevailing professional norms. *See Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Rylander*, 101 S.W.3d at 110; *Thompson*, 9 S.W.3d at 813; *Edwards*, 280 S.W.3d at 445; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (stating that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective").

22

Moreover, the entirety of Bazanes's argument regarding his counsel's ineffective assistance in this regard is that "[w]ithout Nurse Fornara's unnecessary testimony, the jury could have focused entirely on the occurrence witnesses' testimony." This assertion is not proof that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Moreover, we have already explained how E.C.B.'s testimony, standing alone, was sufficient to support Bazanes's conviction. We conclude that Bazanes has failed to satisfy either prong of the *Strickland* test.

Having disposed of Bazanes's ineffective assistance arguments, we overrule his fourth point.

## VI. CONCLUSION

Having overruled all of Bazanes's four points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON and WALKER, JJ.

PUBLISH

DELIVERED: February 18, 2010