Opinion issued July 21, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00308-CR &
01-10-00309-CR

———————————

Fidel Ismael Ponce, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 56th District Court

Galveston County, Texas



Trial Court Case No. 09CR1493 & 09CR2285

 



 

MEMORANDUM OPINION

          Appellant,
Fidel Ismael Ponce, was convicted by a jury of two counts of indecency with a
child.  The jury assessed appellant’s
punishment at ten years’ confinement for the conviction of indecency with a
child by contact.[1]  The jury assessed appellant’s punishment at
ten years’ confinement, probated for ten years, for the conviction of indecency
with a child by exposure.[2]  In one issue, appellant contends that the
evidence was insufficient as to both counts to show that he acted with the
intent to arouse or gratify his sexual desire.

          We
affirm.

Background

          Appellant
was charged with two counts of indecency with a child arising out of an
incident with his step-daughter, A.S., who was five.

          At
trial, April Tew, A.S.’s mother, testified that she was married to
appellant.  On the day the incident
occurred, Tew left A.S. and A.P., Tew’s and appellant’s son, with appellant so
that she could attend a casting call for a reality television show.  Tew testified that appellant showered, alone,
when he returned home from work and that she waited for him to finish his
shower before she left for the casting call. 
When Tew returned home around 8:00 p.m., A.S. was in the bathtub.  A.S. got out of the bathtub, came into the
living room where Tew was standing, and told Tew, “Momma, guess what?  I got to take a shower with Daddy.  And I got to wash where Daddy goes pee-pee.”

Tew testified that appellant
immediately sent A.S. to her room and then told Tew that he had put A.S. in the
shower with him and that she had accidentally touched him “down there.”  Appellant also told Tew that he told A.S.
that she could not touch him because it “was nasty.”  For the rest of the night, appellant
“wouldn’t leave [Tew] alone,” so that Tew was not able to talk to A.S.
alone.  Therefore, the next morning, Tew
awoke early, dressed A.S., and took her to her sister’s home.  Tew and her sister, Vickie Weidenbach, both
talked to A.S. about the incident the day before, and Tew decided to call
A.S.’s therapist.  Tew also contacted
CPS.  An investigation of A.S.’s claims
ensued.

Regarding the history of the
relationship between A.S. and appellant, Tew testified that A.S. typically took
baths and that she usually only needed help washing her hair.  Tew testified that she was usually the one to
help A.S. with her bath, but occasionally, appellant would oversee the bath.  Tew testified that she had never put A.S. in
the shower with appellant, that she would never have done so, and that she was
not aware of appellant ever having taken a shower with A.S. prior to this
incident.

Tew also testified that she knew
that A.S. had lied occasionally and that A.S. had had some difficulties with
her kindergarten teacher that resulted in A.S. seeing a therapist.  Tew also testified that she and appellant had
fought frequently about finances and that their son, A.P., was born with a
genetic disorder and needed special care.

          A.S.
testified that she usually took baths and that she only took showers with
appellant.  She testified that when she
took baths, she washed herself, but when she took a shower with appellant, he
helped her wash.  A.S. testified that he
“puts soap on the rag and uses his hand to wash” and that he would wash her
“pee-pee, privates.  Like, kind of
everywhere.”  She also testified that she
would “usually help [appellant]” wash himself and that she sometimes washed his
“private.”  She testified that appellant never
said anything when she helped wash his privates.  When asked, “[W]ere [appellant’s] privates .
. . down or were they out or were they up?” A.S. responded that “they were out,
sticking down.”  She testified that it
stayed sticking down when she touched it. 
When asked, “Did anything ever come out of his privates?” A.S.
responded, “Yeah, like when you were, when he use[s] the bathroom.”

          A.S.
further testified that she took a shower with appellant on more than two
occasions, that the showers with appellant occurred when her mother was out of
the house at the grocery store, and that the bathroom door would be closed
during the showers.      She testified that she asked him if she could
wash him, he said nothing, and she just did it. 
She testified that appellant never told her to stop washing his genitals
and never said anything to her about it being nasty.

          The
State also presented testimony from the officer who investigated the claims
against appellant.  Lieutenant Meadows
testified that he was involved in the investigation of A.S.’s claims and that
he took a non-custodial statement from appellant.  The statement was played for the jury.

          A
child abuse specialist also testified that A.S. did not show any signs of
physical trauma, that some forms of sexual abuse do not leave signs of trauma,
and that such physical trauma frequently heals quickly.  She also testified that the type of contact
alleged in this case would not result in any discernable physical trauma.

          The
jury convicted appellant of both counts.

Sufficiency of the Evidence

In his sole issue, appellant argues
that the evidence was insufficient as to both counts to show that he acted with
the intent to arouse or gratify his sexual desire.

A.   Standard of Review

In a sufficiency of the evidence
review, we view the evidence in the light most favorable to the verdict to
determine whether any rational fact-finder could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Brooks v. State, 323 S.W.3d 893, 912
(Tex. Crim. App. 2010).  The jurors are the exclusive judges of the
facts, the credibility of the witnesses, and the weight to be given to the
testimony.  Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 
A jury may accept one version of the facts and reject another, and it
may reject any part of a witness’s testimony. 
Id.  We may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the
fact-finder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  We resolve any inconsistencies in
the evidence in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000).

In
determining the legal sufficiency of the evidence to show an appellant’s
intent, and faced with a record that supports conflicting inferences, we “must
presume—even if it does not affirmatively appear in the record—that the trier
of fact resolved any such conflict in favor of the prosecution, and must defer
to that resolution.” [3] 
Bazanes v. State, 310
S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref’d) (quoting Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991)).

 

B.   Indecency with a Child

In his sole issue, appellant argues
that the evidence was insufficient to show that he engaged in sexual contact
with A.S. or that he exposed his own genitals or A.S.’s genitals with the
intent to arouse or gratify his sexual desire.

Regarding indecency with a child by
contact, the Penal Code provides, “A person commits an offense if, with a child
younger than 17 years of age, whether the child is of the same or opposite sex,
the person . . . engages in sexual contact with the child or causes the child
to engage in sexual contact.”  Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2010).  The statute further provides:

“[S]exual contact” means the
following acts, if committed with the intent to arouse or gratify the sexual
desire of any person:

 

(1)     any touching by a person,
including touching through clothing, of the anus, breast, or any part of the
genitals of a child; or

 

(2)     any touching of any part of
the body of a child, including touching through clothing, with the anus,
breast, or any part of the genitals of a person.

 

Id. § 21.11(c).

Furthermore, the Penal Code
provides:

A person commits an offense
if, with a child younger than 17 years of age, whether the child is of the same
or opposite sex, the person . . . with intent to arose or gratify the sexual
desire of any person:

 

(A) exposes the person’s anus
or any part of the person’s genitals, knowing the child is present; or

 

(B)  causes the child to expose the child’s anus or
any part of the child’s genitals.

 

Id. § 21.11(a)(2).

Thus, to prove that appellant
committed the offense of indecency with a child by contact with A.S., the State
had to establish that appellant engaged in sexual contact with A.S., a child
younger than seventeen, by causing her to touch his penis with the intention of
arousing or gratifying his sexual desire. 
See id. § 21.11(a)(1),
(c).  To prove that appellant committed
the offense of indecency with a child by exposure with A.S., the State had to
establish that appellant exposed his genitals with the intention of arousing or
gratifying his sexual desire.  See id. § 21.11(a)(2).

The requisite mental state for
indecency with a child—intent to
arouse or gratify the sexual desire of any person—can be inferred from the defendant’s conduct, remarks, and all surrounding
circumstances.  McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); Bazanes, 310 S.W.3d at 40; see also Robertson v. State, 871 S.W.2d
701, 705 (Tex. Crim. App. 1993) (“Intent may be inferred from the actions or
conduct of appellant.”); Rivera-Reyes v.
State, 252 S.W.3d 781, 785 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that circumstantial evidence
may be used to prove essential element of indecency with a child).  An oral expression of intent is not required—the conduct itself is sufficient to infer
intent.  Bazanes, 310 S.W.3d at 40.  Intent
can also be inferred from a defendant’s conduct after the incident.  Williams
v. State, 305 S.W.3d 886, 891 (Tex. App.—Fort Worth 2010, no pet.).  The complainant’s testimony alone is sufficient
to support a conviction for indecency with a child.  Bazanes,
310 S.W.3d at 40.

A.S. testified that, on multiple
occasions, appellant put her in the shower with him and she washed his
genitals.  She testified that this
happened behind a closed door when her mother was not at home.  A.S.’s testimony alone is sufficient to
support appellant’s conviction.  See id. at 40.  Furthermore, Tew, A.S.’s mother, testified
that she had no knowledge of any prior instances in which appellant showered
with A.S., that A.S. usually took baths and only needed help washing her hair,
and that appellant had already taken one shower just hours prior to the
incident leading to A.S.’s outcry.  Tew
also testified regarding appellant’s behavior following A.S.’s outcry.  After A.S. told Tew about the incident in the
shower, appellant sent A.S. out of the room, told Tew it was an accident, and,
contrary to A.S.’s testimony, told Tew that he told A.S. she should not touch
him because it was nasty.  The evidence
could reasonably support a conclusion by the jury that appellant caused A.S. to
touch his genitals with the intent to arouse or gratify his sexual desire, that
he exposed his own genitals in secret, and that he lied about it after the
fact.

Thus, the evidence is sufficient to
show that appellant acted with the intent to arouse or gratify his sexual
desire.  See id.; Williams, 305
S.W.3d at 891.

          We
overrule appellant’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Evelyn V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Yates.[4]

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Appellant’s conviction for
indecency with a child by contact arose under trial court cause number
09CR1493, which resulted in appeal number 01-10-00308-CR.

 





[2]
          Appellant’s conviction for
indecency with a child by exposure arose under trial court cause number
09CR2285, which resulted in appeal number 01-10-00309-CR.





[3]
          Appellant briefly contends that
the State failed to present factually sufficient evidence to support his
conviction.  However, the Court of
Criminal Appeals has determined that the Jackson
v. Virginia standard is the only standard a reviewing court is to apply in
analyzing the sufficiency of the evidence. 
Brooks v. State, 323 S.W.3d 893, 912 (Tex.
Crim. App. 2010) (plurality op.) (directing that evidence be reviewed only
under sufficiency standard described in Jackson
v. Virginia).  We therefore construe
appellant’s contention as solely challenging the sufficiency of the evidence.





[4]
          The Honorable Leslie B. Yates,
former Justice of the Fourteenth Court of Appeals, participating by assignment.