**AFFIRM; and Opinion Filed July 10, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00333-CR**

**LOUIS O'NEAL WILKINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80751-2011**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

A grand jury returned two indictments accusing appellant, Louis O'Neal Wilkins, of aggravated sexual assault of a child and indecency with a child with respect to two children, S.B. and N.G. Appellant waived his right to a jury trial and pleaded not guilty in a joint bench trial. The trial court found appellant guilty of aggravated sexual assault with respect to S.B., and indecency with a child with respect to N.G. The trial court assessed punishment at nine years' confinement in each case. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction for indecency with a child with respect to N.G.

The background and facts of the case are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the judgment of the trial court.

**BACKGROUND**

According to the record, N.G. and S.B. are second cousins. N.G. is the step-grandaughter of appellant; S.B. is his great niece. At the time of the offenses, both girls were eight or nine years old. When S.B.'s mother was at work, she paid N.G.'s grandmother, Donna Wilkins, to babysit S.B. Appellant is Donna's husband.

In November 2010, appellant and his wife Donna were babysitting S.B. N.G. testified that she was cheerleading for her brother's football team and after the game, appellant and S.B. picked her up. Appellant took the girls to get slushies. When one of the girls had to use the bathroom, appellant took them to the family's church, New Outreach Church of God in Christ in McKinney, Texas. Appellant was a deacon in the church and had keys to the building. After S.B. used the bathroom, appellant asked the girls to go into the bathroom with him one at a time. N.G. went into the bathroom first. She testified that when she went into the bathroom with appellant, he told her to pull down her pants. Appellant also pulled his pants down below the waist. With his hands, appellant put his penis (what N.G. called his "middle part") on the side of the lower part of her leg. He held it on her leg for about three seconds until she told him to stop, and then she left the bathroom. When N.G. came out of the bathroom, S.B. went inside with appellant. N.G. first testified that she did not know how long S.B. was in the bathroom with appellant. On cross examination, she said S.B. was in the bathroom with appellant for a few seconds.

S.B. testified that when she went into the restroom, appellant was sitting on a stool. He told S.B. she had to pull her pants down so she did as he instructed. Appellant also had his pants down and in S.B.'s words, he rubbed his "Cupid" on her "cotton candy," meaning his penis touched the outside of her genitals. S.B. testified that this lasted a few seconds.

When appellant and the girls left the church, appellant told the girls not to tell anyone or he would get in big trouble. He also gave both of them money.

Over a month later, S.B. told her grandmother what happened. She also told her mother, Alicia Burns. Alicia Burns testified at trial that the same day S.B. told her what happened, Alicia called Donna Wilkins, appellant's wife, and told her what S.B. had said. Donna called appellant to Alicia's house and asked him what he had done. They asked S.B. to repeat her allegation in front of appellant. While S.B. was talking, appellant kept asking her why she was saying that and why she was lying.

The family contacted the McKinney Police Department, and Detective Techia Davis was assigned to the case. Detective Davis scheduled S.B. and N.G. for forensic interviews at the Children's Advocacy Center of Collin County. Although the girls were interviewed on the same day and at the same time, the girls were interviewed separately by different forensic interviewers. S.B. was interviewed by Michelle Schuback; N.G. was interviewed by Lisa Martinez. Both girls made an outcry of sexual abuse. Schuback testified that S.B. was able to describe the event in a chronological, sensible manner, describing body positioning in age-appropriate language, and providing sensory details with respect to what she experienced. Martinez testified that N.G. was also able to describe the event in age-appropriate terms, describing body positioning and using her own hand and body to demonstrate what she was describing. N.G. was also able to provide sensory details that were logical in the context of what she was describing.

After the forensic interviews of S.B. and N.G, Detective Davis interviewed appellant. Appellant denied the events described by S.B. and N.G. When asked if the girls had ever seen his penis, appellant stated that to his knowledge, they had never seen it. Detective Davis asked appellant if he thought the girls were lying about him. Appellant finally said he didn't know how

they could have seen his penis but he didn't think they were lying. At the conclusion of the interview, appellant was taken into custody.

After talking to S.B.'s mother, Detective Davis realized that she was distantly related to the alleged victims. Her father and Donna Wilkins are second cousins. Detective Davis testified that she did not know the family well and only saw them on occasion at family funerals. Detective Davis further testified that she did not feel she had any bias.

The trial court found appellant guilty of aggravated sexual assault with respect to S.B. The trial court found appellant guilty of indecency with a child with respect to N.G. At the close of the punishment phase of the trial, the trial court assessed punishment at nine years' confinement in the penitentiary in each case. Appellant now appeals from his conviction for indecency with a child by contact with respect to N.G.

## APPLICABLE LAW

### A. Sufficiency Of The Evidence Standard of Review

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony and therefore, is free to accept or reject any or all evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). We defer to the trial

court's determinations of witness credibility and weight of the evidence, and may not substitute our judgment for that of the fact finder. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

### B.  *Indecency With A Child*

A person commits indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age. TEX. PENAL CODE § 21.11(a)(1) (West 2011). Sexual contact means any touching of any part of the body of a child with any part of the genitals of a person if committed with intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(2). The specific intent to arouse or gratify the sexual desire of a person may be inferred from conduct, remarks, or all the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Billy v. State*, 77 S.W.3d 427, 429 (Tex. App.—Dallas 2002, pet. ref'd). An oral expression of intent is not required, and a defendant's conduct alone is sufficient to infer intent. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd); *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd).

### DISCUSSION

In a single issue, appellant argues the evidence is legally insufficient to support his conviction for indecency with a child because the testimony of the children and the investigating detective was not credible and it would have been impossible for him to do the acts alleged by the children. The State disputes appellant's characterization of the evidence and asserts it established the offense of indecency with a child by proving its allegation that appellant touched N.G.'s leg with his genitals with the intent to arouse or gratify his sexual desire.

Noting that S.B. and N.G. testified that he was in a small restroom with each of them for only a few seconds, appellant first asserts it would have been "extremely difficult if not impossible for a middle aged man to have done the alleged acts described by the children."

Other than his conclusory assertion, appellant provides no argument for impossibility nor does he support his assertion with citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i).

Appellant also challenges the credibility of S.B., N.G., and Detective Davis. With respect to Detective Davis, the investigating police detective, appellant states several times that Detective Davis was related to the children, was reprimanded, and was subsequently removed from the case. Again, appellant fails to support his contention with citations to authorities and the record. According to our review of the record, Detective Davis testified that although she was distantly related to S.B. and N.G., she had not seen them in years and her relationship with the family did not affect the scope or outcome of the investigation. We find nothing in the record to support appellant's statement that Detective Davis was reprimanded. Alicia Burns, S.B.'s mother, testified that at some point during the investigation, she called the police department to check on the status of her daughter's case and was told the case had been assigned to another detective.

With respect to S.B. and N.G., appellant challenges the credibility of their testimony because of the one-month delay in their outcry. He suggests the children delayed their outcry until after Donna Wilkins filed for divorce from appellant. Appellant's argument is not supported by the record. Alicia Burns testified at trial that appellant and Donna Wilkins were no longer married. Donna Wilkins testified that she divorced appellant after he was put in jail. However, there is nothing in the record to indicate the date on which Donna Wilkins filed for divorce from appellant. Detective Davis testified that she was able to ascertain that the offenses occurred sometime in November 2010. She further testified that in her experience investigating crimes against children, a delayed outcry of one month was a typical delay. When performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. We defer to the trial court's determination as to

the credibility of the testimony by S.B., N.G., and Detective Davis, and the weight to be given to their testimony. *See Brooks*, 323 S.W.3d at 899; *King*, 29 S.W.3d at 562.

Finally, appellant argues that S.B. and N.G. contradicted themselves in their testimony. We disagree. S.B. and N.G. testified that appellant told them to go into the church bathroom with him, one at a time. N.G. testified that when she went into the bathroom, appellant told her to pull down her pants and then put his "middle part," meaning his penis, on her leg. She testified that she saw his penis, described it as long, and said it felt like rubber when it touched her leg. She said he held his penis on her leg for about three seconds. She also testified that when appellant and the girls got into the van to leave the church, appellant told them not to tell or he would get in big trouble. Appellant also gave them money.

S.B. corroborated N.G.'s testimony that appellant and N.G. were in the bathroom together. S.B. also testified that appellant told them not to tell and gave them money. Lisa Martinez testified that during the forensic interview, N.G. was able to give a logical and consistent chronology of events. During the forensic interview and when testifying at trial, N.G. was able to provide age-appropriate descriptions of body parts, body positioning, and sensory details.

As noted above, appellant's intent to arouse or gratify his sexual desire may be inferred from conduct, remarks, or the surrounding circumstances. *McKenzie*, 617 S.W.2d at 216; *Billy*, 77 S.W.3d at 429. Furthermore, intent can be inferred from appellant's conduct after the incident. *Couchman*, 3 S.W.3d at 163. Both girls testified that appellant told them not to tell anyone what happened or he would get in big trouble. The trial court, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, could have inferred from appellant's actions that he intended the contact and the contact was performed with the intent to arouse or gratify his sexual desire. *See McKenzie*, 617 S.W.2d at 216; *see also Bazanes*, 310 at

40–41. Viewing all of the evidence in the light most favorable to the verdict and deferring, as we must, to the trial court's determination and evaluation of the witnesses' credibility and demeanor, we conclude there was evidence and reasonable inferences therefrom upon which a rational trier of fact could have found beyond a reasonable doubt that appellant committed indecency with a child by placing his penis on N.G.'s leg with the intent to arouse or gratify his sexual desire. *See Jackson*, 443 U.S. at 319; *Wise*, 364 S.W.3d at 903. Accordingly, we conclude that the evidence is legally sufficient to support appellant's conviction, and we overrule his sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

120333F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LOUIS O'NEAL WILKINS, Appellant

No. 05-12-00333-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-80751-2011.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of July, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE

–9–