

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00008-CR

CHRISTOPHER HIGDON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas[1]
Trial Court No. 1469299R, Honorable David C. Hagerman, Presiding

June 27, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

A jury found Christopher Higdon, appellant, guilty of one count of indecency with a child and assessed his punishment at eight years' imprisonment.[2]  We will affirm the judgment of the trial court.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals.  See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2017).

## Background

Appellant is married to the aunt of the complainants, sisters "Becky" and "Jenny."[3] Becky testified that one night, when she and Jenny were spending the night with their cousins at appellant's house, she fell asleep on the couch. Becky testified that she woke up to appellant moving her underwear with his hands. She stated that appellant, who was wearing only his underwear, touched her genital area. Becky noticed that there was pornography on the TV while she was on the couch. She got off the couch and went to the bedroom where Jenny and her cousins were sleeping. She testified that she was under the age of fourteen at the time of the incident. Becky later told her sister and a friend about appellant's actions. Her friend's mother notified Child Protective Services, but when CPS interviewed Becky, she denied that the incident had occurred. Approximately two years later, Jenny was receiving counseling and revealed to her counselor that appellant had also touched her inappropriately. The investigation was then reopened.

Appellant was charged with continuous sexual abuse of a child with lesser included offenses. The jury found appellant guilty of the lesser-included offense of indecency with a child by contact as to Becky. The jury was unable to reach a consensus on the charges of continuous sexual abuse of a child, aggravated sexual assault of Jenny, and indecency with a child by contact as to Jenny.

In his sole issue on appeal, appellant contends that the evidence is legally insufficient to support his conviction.

---

[3] We will use pseudonyms to protect the privacy of the complainants involved. *See Linney v. State*, 401 S.W.3d 764, 769 n.1 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

## Standard of Review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from that evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## Analysis

The jury convicted appellant of indecency with a child by contact, which is a lesser-included offense of continuous sexual abuse of a child. *Bleil v. State*, 496 S.W.3d 194, 214 (Tex. App.—Fort Worth 2016, pet. ref'd). A person commits the offense of indecency with a child by contact if, with a child younger than seventeen years of age, the person engages in sexual contact with the child. Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" is defined to include the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: "(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of the child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." *Id.* § 21.11(c).

A complainant's testimony alone is sufficient to support a conviction for indecency with a child. Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1) (West Supp. 2017); *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd). Here, as recited above, Becky testified about an incident when she was sleeping on appellant's

couch and he touched her genital area. She testified that appellant was wearing only his underwear and that pornography was displayed on the television at the time of the incident. Appellant denied that the incident occurred and testified that Becky and Jenny had "made up" the allegations against him. The factfinder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the witnesses' testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). On review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Viewing all of the evidence in the light most favorable to the verdict and deferring to the jury's determination and evaluation of the witnesses' credibility and demeanor, we hold that there was evidence from which a rational trier of fact could have found beyond a reasonable doubt that appellant, with the intent to gratify his sexual desires, engaged in sexual contact with Becky. Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction.

Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.