**AFFIRM; Opinion Filed November 29, 2018.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00960-CR

### MARCOS EVANGELISTO ESCOBAR, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-00354-W**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Marcos Evangelisto Escobar appeals his conviction for indecency with a child. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Appellant was in a relationship with R.G.'s mother and had lived with her and her family since 2009. In January 2011, when she was six-years old, R.G. woke up to see appellant touching her genitals with his hands. It was dark where R.G. was sleeping, and she could see appellant was using his phone's flashlight feature. After a while, appellant stopped touching her and went into the bathroom. A week later, R.G. told her mother what had happened, and R.G.'s mother told R.G.'s grandmother. Soon after, R.G.'s grandmother confronted appellant who apologized and

said he would never do it again. In December 2013, appellant ended his relationship with R.G.'s mother.

Years later, R.G.'s aunt, X.S., purchased a hard drive from her brother Betuel, who is also R.G.'s uncle. X.S. discovered the hard drive contained a video of Betuel sexually abusing R.G. X.S. called the police to report what she had seen. During the subsequent investigation into Betuel's conduct, R.G. was forensically interviewed. Towards the end of the interview, R.G. described the foregoing incident with appellant.

Appellant was indicted for the first degree felony offense of aggravated sexual assault of a child. He pleaded not guilty, and the case proceeded to trial before a jury who found him guilty of the lesser-included second degree felony offense of indecency of a child and assessed punishment at three years' confinement.

## DISCUSSION

When reviewing whether there is legally sufficient evidence to support a criminal conviction, we view the evidence in the light most favorable to the prosecution, asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 198 (2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing any reasonable inferences the evidence might support. *See id.* On appeal, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *See id.* Thus, we are not permitted to use a "divide and conquer" strategy for evaluating sufficiency of the evidence because that approach does not consider the cumulative force of all the evidence. *See id.* When the record

–2–

supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *See id.* at 448–49.

A person commits the offense of indecency with a child if he engages in sexual contact with a child younger than 17 years of age. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). "Sexual contact" means any touching by a person, including touching through clothing, of the genitals of a child, if such act is committed with the intent to arouse or gratify the sexual desire of any person. *See id.* § 21.11(c)(1).

Appellant urges that on this record a rational trier of fact could not have found that the State proved the essential elements of indecency with a child beyond a reasonable doubt. Appellant maintains there was a lack of evidence corroborating R.G.'s testimony, such as the testimony from X.S., R.G.'s aunt, that R.G. never spoke to her about what appellant did to her, she never personally observed appellant do anything to R.G., and she was aware there was an allegation of abuse of R.G.'s sister, but that R.G.'s mother never reported it to the police. Appellant also points to evidence that would undermine the credibility of R.G.'s testimony, like the fact that R.G. testified that appellant was her step-father, but she could not identify him in court and his own testimony that, around the time of the incident, R.G. had become upset with him for refusing to give her money for an electronic device and spanking her leg to discipline her for screaming at him. He also notes discrepancies between R.G.'s testimony at trial and that of the forensic interviewer regarding which bed R.G. was sleeping in when appellant touched her, which members of the family were sleeping in that room, and whether appellant was sleeping in the same bed as her. R.G. testified that appellant apologized, but the forensic interviewer said R.G. did not tell her that, only that appellant told R.G. he loved her. Appellant indicates R.G. may have been mistaken in her identity of him as her abuser, maintaining there was no evidence R.G. used appellant's name in the forensic interview and that the translation of the forensic interview from

Spanish to English may have confused everyone into believing it was appellant who abused R.G. and not her biological father or her uncle Betuel. Appellant points out that R.G. said she "glimpsed" who was touching her and urges that R.G. likely would have had difficulty identifying a person holding a flashlight towards her and away from himself in a dark room. Appellant further appears to challenge the evidence of his sexual intent by noting the testimony of the forensic interview that when R.G. described the incident, R.G. used the words "exploring" or "checking" to describe how appellant touched her genitals.

We conclude the evidence is sufficient to support appellant's conviction. Both R.G. and the forensic interviewer testified regarding appellant's abuse of R.G. Appellant testified that around the time of the incident, R.G.'s mother and grandmother confronted him about sexually abusing R.G., thus providing some evidence that the incident took place other than R.G.'s testimony and that of the forensic interviewer. As for appellant's identity, in addition to R.G.'s own testimony identifying appellant as her abuser during this incident, during her forensic interview, R.G. was able to clearly distinguish the abuse involving appellant from the abuse she received from her uncle. As for evidence of appellant's specific intent, the specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd). The record shows R.G. woke during the night to find appellant touching her improperly and pointing his phone's flashlight at her to do so. He said nothing to her, and then left the room to go to the bathroom. R.G. testified she was uncomfortable and felt she had to move away from the bed.

A rational trier of fact could have believed the testimony of R.G. and the forensic interviewer and disbelieved appellant's testimony to conclude he touched six-year-old R.G.'s

genitals with the intent to arouse or gratify his sexual desire.  *See* PENAL § 21.11(a)(1), (c)(1) (indecency with a child); *Murray*, 457 S.W.3d at 448; *id.*

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

170960F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MARCOS EVANGELISTO ESCOBAR,
Appellant

No. 05-17-00960-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-00354-W.
Opinion delivered by Justice Schenck,
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 29th day of November, 2018.