1383-14

RECEIVED IN
The Court of Appeals
Sixth District

JAN 0 3 2015

Toxarkana, Texas
Debra Autrey, Clerk

NO. _____

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS

AUSTIN , TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

MATTHEW VANOVER

PETITIONER

VS.

STATE OF TEXAS

RESPONDENT

ON APPEAL FROM THE SIXTH COURT OF APPEALS
NO. 06-13-00256-CR, AND THE 196th DISTRICT COURT OF
HUNT COUNTY, TEXAS, TRIAL COURT NO. 28,845

## PETITION FOR DISCRETIONARY REVIEW

MATTHEW RYAN JERRY VANOVER
Pro-se, TDCJ-ID # 1904572
DOLPH BRISCOE UNIT
1459 W. Hwy. 85
DILLEY, TEXAS 78017

## PETITIONER

NO. _____

IN THE COURT OF CRIMINAL APPEALS

AUSTIN , TEXAS

MATTHEW VANOVER

PETITIONER

VS.

STATE OF TEXAS

RESPONDENT

ON APPEAL FROM THE SIXTH COURT OF APPEALS

NO. 06-13-00256-CR, AND THE 196th DISTRICT COURT OF

HUNT COUNTY, TEXAS, TRIAL COURT NO. 28,845

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES, MATTHEW VANOVER, PETITIONER, and respectfully submits his Petition For Discretionary Review. This Appeal is taken from the Sixth Court Of Appeals in Texarkana and the 196th Judicial District Court of Hunt County, Texas.

## IDENTITIES OF ALL PARTIES

**PETITIONER**

MATTHEW RYAN JERRY VANOVER          PETITIONER
TDCJ-ID UNIT

JASON A. DUFF                       COUNSEL ON APPEAL
ATTORNEY AT LAW
P.O.BOX 11
GREENVILLE, TEXAS 75403


**STATE**

G.CALVIN GROGAN V.                  ASSISTANT DISTRICT
HUNT CO. COURTHOUSE                 ATTORNEY ON APPEAL
P.O.BOX 441
GREENVILLE, TEXAS 75403

NOBLE D. WALKER JR.                 DISTRICT ATTORNEY
P.O.BOX 1097
GREENVILLE, TEXAS 75403

# TABLE OF CONTENTS

IDENTITIES OF ALL PARTIES i

TABLE OF CONTENTS ii

INDEX OF AUTHORITIES iii

STATEMENT REGARDING ORAL ARGUMENT iv

STATEMENT OF THE RECORD iv

STATEMENT OF PROCEDURAL HISTORY AND STATEMENT OF THE CASE 1,2

SUMMARY OF THE ARGUMENTS 2,3,4

POINT OF ERROR ONE 5,6,7

THE COURT OF APPEALS ERRED IN HOLDING THE EVIDENCE WAS
SUFFICIENT TO INTENT

POINT OF ERROR TWO 7,8,9

DID THE COURT OF APPEALS ERR IN HOLDING THAT THE COURT's
CHARGE DID NOT RESULT IN EGREGIOUS HARM.

CONCLUSION 9.10

PRAYER 10

CERTIFICATE OF SERVICE 11

INMATES UNSWORN DECLARATION 11

APPENDIX "A"

SIXTH COURT OF APPEALS MEMORANDUM OPINION

# INDEX OF AUTHORITIES

**CASES**          **PAGE(S)**

### STATE

ALAMANZA V. STATE, 686 S.W.2d 157,171 (Tex.Crim.App.1996)    7

BAZANES V. STATE, 310 S.W.3d 32,40-41 (Tex.App.-Ft. Worth 2010)    7

BROOKS V. STATE, 323 S.W.3d 893,912 (Tex.Crim.App.2010)    7

CLEWIS V. STATE, 922 S.W.2d 126 (Tex.crim.App.1996)    6

### SUPREME COURT

BRONSTON V. UNITED STATES, 409 U.S.352,93 S.Ct.595,34 L.Ed.2d 568    6

GLASSER V. UNITED STATES, 315 U.S.60,80,62 S.Ct.457,469,86 L.Ed 860    6

IN RE WINSHIP, 397 U.S.358,90 S.Ct.1068,25 L.Ed.2d 368(1970)    5,7

JACKSON V. VIRGINIA, 443 U.S.307,319,99 S.Ct.2781,61 L.Ed.2d 560(1979)    5,7

TIBBS V. FLORIDA, 457 U.S.31,102 S.Ct.2211,72 L.Ed.2d 652(9182)    7

### STATUTES

CONSTITUTIONAL AMENDMENT FOURTEEN    5,7

TEXAS CODE OF CRIMINAL PROCEDURE ART. 36.14    8
                                           36.15    8
                                           36.16    8
                                           36.17    8
                                           36.18    8
                                           36.19    8

TEXAS PENAL CODES § 22.11    5,8,9
                      22.011    8,9

### OTHER

MERCK MEDICAL MANUAL HOME EDITION    5,6

## STATEMENT REGARDING ORAL ARGUMENT

No oral argument is requested at this time.


## STATEMENT OF THE RECORD

The Record is not being used in this Petition because appellate counsel would not respond to Petitioners request for them. Only the Appeal Court's **Memorandum  Opinion is being used.**

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

## STATEMENT OF PROCEDURAL HISTORY

## STATEMENT OF THE CASE

The State charged the defendant with two charges; 1) Aggrevated Sexual Assault and 2) Indecency with a Child. Petitioner went to trial and plead not guilty before a jury of his peers. The jury found petitioner not guilty of the sexual assault but yet convicted him of the indecency count. He was then senetnced to seven (7) years in the Texas Department of Criminal Justice Institutional Division. Petitioner duly filed a timely Notice of Appeal to the Court and Counsel filed his Brief with the Sixth Court of Appeals in which handed down a answer on September 3rd, 2014. Petitioner filed a Motion for extention to file a PDR twice and hence this petition.

In December of 2008, twelve-year old Chloe Cherry (pseudonym) and her cousin, the petitioner whom was seventeen at the time were watching television at the home of Cloe's mother, Rita. Chloe alleged that as they were watching television Petitioner started rubbing her breast, thighs and buttcks after her mother had gone to bed. She stated that this kept going on over her protest. At one point she alleged that she text her sister and told her that Vanover was hurting her but yet when her sister called her mom, Rita went in to check on them and both, Chloe an Vanover stated nothing was wrong. Nearly two years later Chloe allegedly shows her mother text messages sent by petitioner in which read that he was sorry for all that he had ever done to her. When asked what that meant Chloe states that Vanover had molested her.

At rial they heard testimony that Vanover could not have sexually assaulted Chloe because he had a medical condition that would have hindered him from fighting Chloe as she had stated she had done. It would be clear to this Court if it searches for the truth that the evidence does not meet with what was discovered to convict the petitioner of indecency either. Chloe stated that she had fought petitioner to keep him from subduing her in the bedroom but yet

1.

by her own testimony she stated that petitioner was rubbing her in a sexual manner and touching her when she text her sister to state petitioner was hurting her. It took almost two years for her to state that she had been sexually molested by Vanover. Her testimony was not even kept in compliance with the outcry statement that states the first person over the age of seventeen that describes what happened. that would have been the sister since Chloe states she text her sister and told her first in 2008. Further since Chloe states that this sexual assault occured after the touching that night and at that time she had fought with petitioner to keep him from sexually assaulting her and the jury after hearing testimony concerning the madical condition that the petitioner has that would have kept him from fighting with her the jury should have been able to disbelieve her on the indecency act too. The Court of Appeals was correct in the fact that the appellate counsel did not argue that the evidence was insufficient to have happened as Chloe states but it also shows that the State did not prove the "to arouse or gratify the sexual desire of any person" point of his argument. the Court is wrong in concluding that the factual sufficiency goes only to the Intent. It encompasses all evidence allowed at trial.

## SUMMARY OF THE ARGUMENTS

The Court of Appeals erred in holding that the evidence was sufficient to intent. The State could not have proved that petitioner's conduct,his remarks or the surrounding circumstances shows that he intended to arouse or gratify his sexual desire with what the alleged victim stated to her mother two years later by alledging her interpretation of a text message to her mother.

The evidence of the text alludes to nothing more than some sort of appology for something which the Court would not know of. In determining the legal or factual sufficiency of the evidence to show an appellant's intent,and faced with a record that supports conflicting inferences everyone must presume that even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflict in favor of the prosecution . Here it is clear that the jury found the accuastions of sexual assualt to be false and instead of aquitting the defendant of indecency since it could not say for certain whether

2.

the act, of indecency by touching happened or not that they would convict the petitioner of the charge. The intent to arouse or sexually gratify oneself would believe to show that petitioner had a errection at the time of the rubbing or touching. This is vital information in proving that the defendant was trying to get off by touching or rubbing on Chloe. There is no testimony as to this being so. the State did not prove that the evidence was sufficient to show the sexual deviation. No one would state that had appellant been aroused that he would not have had a errection as a by product of the action. Chloe stated that after she went to her room petitioner followed and the sexual attack began. This would have shown that had he attacked her he could have sexually be gratified or aroused by just the action of her fighting him off. Still had petitioner followed her he would have had a errection and Chloe would have seen it and would have known that the defendant was aroused. No such testimony was shown at this trial to state this fact. This is the evidence that would ahve damned the petitioner. It would have shown sexual gratification and arousal.

The Appeal court erred in finding that the Court's Charge did not result in egregious harm. Egregious harm is the type and level of harm that effects the very basis of a case, it deprives the defendant of a valuable right, or virtually affects a defensive theory. That is a right to a fair and impartial trial. Not having his transcripts or even the appellant's brief filed to the Court of Appeals by Counsel the defendant/Petitioner is gonna go out on a limb and say that his counsel should have argued or objected to the charge once read to preserve it for appellate reasons. Because to have not done so would amount to ineffective assistance of counsel. It is in the very nature of a factual-sufficiency review that it authorizes an appellate court, **albeit to a very limited degree,** to act in capacity of a so-called thirteenth juror. Petitioner is asking this court to review this argument in favor of nuetrality which would permit this court to show no deference at all to the jury's credibility and weight determinations and to sit as the thirteenth juror without any limitation and to declare that a conflict in the evidence justifies a new trial or a reversal and and aquittal of the charge. Here the Court's charge stated that Vanover engaged in sexual contact with the intent to sexually gratify the desire and to arouse himself by intentionally and knowingly having

3.

sexual contact with Chloe. the charge was an error. the Court's decision seems to be conflicted with that of other Courts of Appeals. The Petitioner has a Constitutional right under both the Federal and State under the Fourteenth Amendment to have a fair and impartial trial and jury. Allowing the jury to consider another mens rea so as to confuse the jury about how to convict the defendant. the jury was allowed to consider that he intentionally and knowingly toched Chloe and then was allowed further to find that he intended to arouse and sexually gratify himself. As seen in the other argument, the jury disbelieved the actions in the sexual assault, so it finally settled on the lesser of two evils by settling on the lesser of the two charges. The State did not prove the defendant intentionally or knowingly touched Chloe because no evidence is present other than hearsay testimony from two years after the fact. The State surely did not prove every element of the arouse and sexually gratify portion of the charge. Petitioner states taht the jury charge was a violation of a federally protected right under state laws and federal under the Fourteenth amendment to a fair and impartial trial. If a jury has to consider the facts and is being presented with a incorrect jury charge it is not a harmless error. The state with all of it's resources and knowledge knew it was a invalid charge and yet it sought to have every advantage it could with the jury to get a conviction. On page four of the Appellate court's memorandum opinion it states that ,"here, there was no objection at trial to the jury charge." That means that the appellate counsel did not file ineffective assistance of counsel of trial counsel for not preserving a valid error. This also constitutes ineffectiveness of counsel.

Too many errors at trial level and appellate level and you can find that the petitioner is not having any afir and impartial hearing or getting any effective assistance of counsel to prove his case.

4.

# POINT OF ERROR "ONE"

## THE COURT OF APPEALS ERRORED IN HOLDING THAT
## THE EVIDENCE WAS SUFFICIENT TO INTENT

The standard of review in this case is **JACKSON V.VIRGINIA,** 443U.S. 307, 319,99 S.Ct.2781,61 L.Ed.2d 560 (1979) and under **IN RE WINSHIP,** 397 U.S.358, 90 S.Ct.1068,25 L.Ed.2d 368 (1970).

The Constitional standard recognized in the **WINSHIP** case was expressly phrased as one that protects an accused against a conviction except on "proof beyond a reasonable doubt...". In short, **WINSHIP** presupposes as an essential of the due process guaranteed by the **FOURTEENTH AMENDMENT** that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence **of every element of the offense.**

Petitioner argues that the evidence here is insufficient to show that he had the statutorily required intent to "arouse or gratify...sexual desire." **TEX.PENAL CODE ANN. § 21.11.** Petitioner claims that the State did not prove beyond a reasonable doubt **every fact** necessary to constitute the crime in which he was charged. The specific intent required for the offense of indecency with a child-intent to arouse or gratify the sexual desire of any person- can be inferred from the defendant's conduct. Chloe stated that she and the petitioner were watching television when petitioner begain to rub her breast. thighs and buttocks. She also stated at trial that when she went to her room, petitioner followed her and sexually attacked her. Rita, the childs mother at one point came into the room and asked if everything was ok and they said yes. At no time during the trial or during Chloe's testimony did she allude to paetitioner havinga errection nor did she allude to him having one in her room.

At trial we heard testimony of petitioner having Epilepsy or a form thereof.

In **MERCKS MEDICAL MANUAL,** Home Edition,page 376-381, it states that some epileptic seizures maybe triggered byrepetitive sounds,flashing lights,video games,or even touching certain parts of the body. Even minor stimuli can

5.

trigger a siezure in people with epilepsy. The Court had heard from creditable testimony as to the defendant having epileptic seizures severely inhibiting him from acting in certain instances and thus the jury having found that the defendant having been unable to be able to attack the alleged victim sexually found him guilty of a lesser form of sexual transgressions in the form of indecency by contact which if medical assistance through **MERCK** is to be believed of Epeleptic disorders it would have been impossible for the defendant to have also committed this charge too.

But to return to the intent of the arouse and sexual gratify..., it would be prudent to say that every male knows that to be sexually stimulated by him touching a female in a sexual way would bring forth a errection and possibly a ejaculation. In one so young as the defendant was at that time a premature ejaculation would have been in order. Did Chloe testify to the erection or possibly a wet stain on the front of the defendants pants? Did she testify as to what kind of pants the petitioner was wearing as to be able to see a erection?

A "reasonable doubt," at a minimum, is one based upon "reason." Yet a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt, and the same may be said of a trial judge sitting as a jury. Even in a federal trial such an occurrence has traditionally been deemed to require reversal of the conviction. **GLASSER V. UNITED STATES**, 315 U.S.60,80,62 S.Ct.457,469,86 L.Ed. 860; **BRONSTON V. UNITED STATES**, 409 U.S.352,93 S.Ct.595,34 L.Ed.2d 568.

Petitioner alleges that the evidence in support of his conviction cannot be fairly characterized as sufficient to have a rational trier of fact to find guilt beyond a reasonable doubt and has claimed a constitutional claim.

The Court of Criminal Appeals has the jurisdiction to examine this claim of insufficiency of factual evidence. See **CLEWIS V. STATE**, 922 S.W.2d 126 (Tex.Crim.App.1996).

This is a unique case in which the appellant brings forth a theory of the basic intent to prove whether the State proved that the defendant had been aroused or had sexually gratified himself by the touching of Chloe as to prove beyond a reasonable doubt or in this case a preponderance of the evidence in which to prove thier case.

6.

Petitioner will concede that the Court in **BROOKS V. STATE**, 323 S.W.3d 893,912 (Tex.Crim.App.2010) along with **JACKSON**,443 U.S.307,319,)1979) are the cases deciding the sufficiency of the evidence under the standards of review.

But, he also states that under the evidence that the State presented did not show that Vanover intended to arouse or gratify the sexual desire of anyone. In **BAZANES V. STATE**, 310 S.W.3d32,40-41 (Tex.App.-Fort Worth 2010), E.C.B. testified that she awoke to Bazanes trying to kiss her and trying to put his tongue in her mouth, that he put his hand under her underwear and touched her genitals...ect... She stated that his penis felt "hard"! In the instant case Chloe did not tell a similar tale. So therefore she did not state that Vanover's penis was hard to show that he had been aroused. In **JACKSON**, the court held that the Due Process Clause of the **FOURTEENTH AMENDMENT** forbids any conviction based on evidence insufficient to persuade a rational factfinder of guilt beyond a reasonable doubt.**TIBBS V. FLORIDA**, 457 U.S.31,102 S.Ct.2211,72 L.Ed.2d 652. (1982)(citing **JACKSON V. VIRGINIA**,443 U.S.307); **IN RE WINSHIP**, 397 U.S.358 (1970).

Therefore under the **FOURTEENTH AMENDMENT** the Sttae did not prove beyond a reasonable doubt the existence of **every element** of the charge of indecency with a minor/child. Therefore the State did not prove beyond a reasonable doubt that petitioner was guilty of this charge.

## II.

### POINT OF ERROR TWO
### DID THE COURT OF APPEALS ERR IN HOLDING THAT THE
### COURT'S CHARGE DID NOT RESULT IN EGREGIOUS HARM.

Petitioner claims egregious harm from the trial court's failure to properly define the mental state required for commission of the offense of indecency with a child by sexual conatct. The Court of Appeals agreed that the charge was erroneous,but that they concluded that petitioner was not egregiously harmed as a result.

The standard of review in this argument is **ALMANZA V. STATE**, 686 S.W.2d 157,171 (Tex.Crim.App.1984)(op.on reh'g).
Petitioner concedes that his counsel did not preserve this argument at the

7.

trial level and that this would be met with ineffective assistance argued at a later date, but since this is a fundamental right to be heard by a fair and impartial tribunal or jury of his peers he states that the extra specific intent that is nessesary to complete the crime was unwarranted and a abuse of power to confuse the jury. If the charge would have been specific as to just the definition Of the sexual contact it would have been clear as to what the jury would be convicting the petitioner of. The State wants everyone to be knowlegable about the law as they are. You have people in juries from all walks of life whom are not up on the. the legalesse of terms or the fact that a jury charge must allege only what is to be proved. Here, **TEXAS PENAL CODE ANN. §21.11 (a)(1)**, states that (a) A person commits an offense if,with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person, (1) engages in sexual contact with the child or causes the child to engage in sexual contact;or (2) with the intent to arouse or gratify the sexual desire of any person. (a)(3)(c) In this section,"sexual contact"means the following acts,if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person including touching through clothing,of anus,breast,or any part of the genitals of a child;or (2) any touching of any part of the body of a child, including touching through clothing, with the anus,breast,or any part of the genitals of a person.

No where in this instruction is the intentional or knowingly as required in the proof of **SECTION 22.011** under **PENAL CODE** titled **SEXUAL ASSAULT.** Under the **TEXAS CODE OF CRIMINAL PROCEDURE 36.19**, it states that whenever it appears by record in any criminal action upon appeal that any requirement of **ARTICLES 36.14,36.15,36.16,36.17** and **36.18** has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant,or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial. The Charge herein shows that the jury was led to consider an extra element of Intentionally and Knowingly which is not a part of the charge therefore leading them to substitute an illegal finding of guilt.

8.

Intentional and knowingly are elements under **PENAL CODE 22.011** and therefore are not in the intents needed to prove the intent to arouse or gratify the sexual desire of oneself or another as in **PENAL CODE 22.11.** So therefore the extra added intents would have led to confuse the jury as to what had to be proved by the State beyond a reasonable doubt. So here the Petitioner states that he has a fundamental error in the facts because this Court's charge would have him prove a extra intent not alleged in the facts of the indictment for the charge of Indecency with a child by sexual contact. It was not required for him to prove that he intentionally and knowingly touched Chloe on the buttocks,leg or breast, it was required to be proved that he touched Chloe with the intent to arouse or gratify the sexual desire of any person... See **PENAL CODE 22.11.** Therefore by allowing the Charge to the Jury as is to stand and find no egregious error would be akin to finding no ineffectiveness to a trial where counsel sleeps during the trial itself. The jury was left to infer the intents as they understood them. this is not the definition of the Penal Code involved and is unfair and impartial as to impede the jury from thier truth fact finding process.

Therefore the Petitioner would asks this court to find egregious harm in the Court's charge as to deprive the defendant of a fair opportunity to argue the facts and findings as addressed by the **TEXAS PENAL CODE ANN. §22.11** as he was indicted on and had presented argument on in court without the added intents.

## CONCLUSION

In conclusion, Petitioner would asks that this Court rule that the State did not prove beyond a reasonable doubt or by a preponderance of the evidence that he comitted Indecency with a child by sexual contact as alleged in his indictment because the State did not prove every element of the charge beyond a reasonable doubt that he aroused or gratified his sexual desire. Further he asks this Court to rule that it was egregious harm to allow the intents from one penal code to transfer over to another for the purposes of proof necessary to prove intent. This only led to confuse the jury as to wheteher to find him guilty of Intentionally and Knowingly instead of whether he aroused and gratified

9.

his sexual desire by touching Chloe.

## PRAYER

Petitioner, Matthew Vanover, prays that this Court issue forth a ruling in his favor and grant him a new trial on the sufficiency of the evidence and or find egregious harm in the jury charge as to allow him a new trial and or resenetncing.

RESPECTFULLY SUBMITTED,

MATTHEW VANOVER
TDCJ-ID # 1904572

10.

## CERTIFICATE OF SERVICE

I, MATTHEW VANOVER, PETITIONER IN THE ENCLOSED STYLED AND NUMBERED CAUSE DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREMENTIONED DOCUMENT IS BEING SENT FIRST CLASS PRE-PAID POSTAGE TO G.CALVIN GROGAN V.,ASSISTANT DISTRICT ATTORNEY OF HUNT COUNTY, TEXAS AT HUNT COUNTY COURTHOUSE, P.O.BOX 441, GREENVILLE, TEXAS, 75403 ON THIS THE 30th DAY OF DECEMBER, 2014 by placing it in the internal mailing system on the Dolph Briscoe unit.

_Matthew Vanover_
MATTHEW VANOVER


## INMATES UNSWORN DECLARATION


I, MATTHEW VANOVER, PETITIONER IN THE ENCLOSED STYLED AND NUMBERED CAUSE DO HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE INFORMATION ENCLOSED IS TRUE AND CORRECT AS TO THE BEST OF MY RECOLLECTION AND KNOWLEDGE OF THE EVENTS FROM THE TRIAL.

_Matthew Vanover_
MATTHEW VANOVER

11.

APPENDIX "A"

SIXTH COURT OF APPEALS MEMORANDUM OPINION



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00256-CR

MATTHEW RYAN JERRY VANOVER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 28,845

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Matthew Ryan Jerry Vanover was convicted of indecency with a child by sexual contact[1] and was sentenced to seven years' imprisonment. Because (1) error in the court's charge did not result in egregious harm, and (2) the evidence is legally sufficient to support the conviction, we affirm the judgment of the trial court.

## I.    Background

On a December evening in 2008, twelve-year-old Chloe Cherry[2] and Vanover, her seventeen-year-old cousin, were watching television together at Chloe's home.[3] The two were alone in the room as Chloe's mother, Rita, had gone to bed for the evening. As they were watching television, Vanover began rubbing Chloe's thigh, breasts, and buttocks. This conduct continued in the face of Chloe's protests. At one point during the evening, Chloe texted her older sister in Kentucky to tell her that Vanover was hurting her. Chloe's sister then sent Rita a text message, indicating that Vanover was bothering Chloe. At that point, Rita checked on Chloe and Vanover, but was told by both that nothing was wrong.[4] Chloe took the opportunity to retreat to her room when her mother came out to check on her.

---

[1]*See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

[2]This is a pseudonym used to protect the identity of the child victim.

[3]Chloe was seventeen at the time of trial.

[4]Chloe testified to additional conduct by Vanover, which could have resulted in a conviction for aggravated sexual assault. Because the jury found Vanover not guilty of this charge, our recitation of the facts and our analysis here is based solely on the events supporting the charge of indecency with a child by sexual contact, of which Vanover was convicted.

In September 2010, Chloe showed Rita some text messages she had recently received from Vanover. In one of the messages, Vanover stated that he was sorry "for all the things I've ever done to you." When Rita asked Chloe what that meant, Chloe began to cry. Chloe then told Rita that Vanover had touched her on her breasts and put his hand in her pants. The following day, Rita and Chloe went to the Hunt County Sheriff's Office to report Vanover's conduct.

## II.  Error in Court's Charge Did Not Result in Egregious Harm

Vanover claims egregious harm from the trial court's failure to properly define the mental state required for commission of the offense of indecency with a child by sexual contact. While we agree that the court's charge was erroneous, we cannot conclude that Vanover was egregiously harmed as a result.

### A.  Standard of Review

In analyzing a jury charge complaint, we review the charge under the *Almanza* standard. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Our first duty is to determine whether error exists in the charge. On a finding of error, we must determine whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm required to reverse the trial court's judgment depends on whether the appellant properly objected to the error. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). When a proper objection is made at trial, we need only find "some harm" to reverse the trial court's judgment. *Ngo*, 175 S.W.3d at 743–44 (citing *Almanza*, 686 S.W.2d at 171). In the case of unpreserved error, reversal is required only when the record shows "egregious harm" to the defendant. *Id.* (citing *Almanza*, 686 S.W.2d at 171).

3

"Egregious harm" results from "errors affecting the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive." *Boones v. State*, 170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.) (citing *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).

**B.    Analysis**

Here, there was no objection at trial to the charge. One method of committing indecency with a child by sexual contact occurs if a person, with a child younger than seventeen years and not the person's spouse, "engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE ANN. § 21.11(a)(1). For purposes of this statute, "sexual contact" is defined as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" if committed "with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.11(c)(1) (West 2011).

Here, the application paragraph of the court's charge stated,

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of December, 2008, in Hunt County, Texas, the defendant, MATTHEW RYAN JERRY VANOVER, did then and there with intent to arouse or gratify the sexual desire of MATTHEW RYAN JERRY VANOVER, intentionally or knowingly engage in sexual contact with CHLOE CHERRY (pseudonym) by touching the genitals or breast(s) of CHLOE CHERRY (pseudonym), a child younger than 17 years of age, then you will find the defendant "Guilty" as charged in **Count Two**.

The application paragraph here listed the culpable mental states of intentionally and knowingly with the specific intent necessary to complete the crime. Vanover, therefore, contends that the jury could have convicted him for intentionally or knowingly engaging in sexual contact with

4

Chloe, when the proper mental state for the offense is the specific intent "to arouse or gratify the sexual desire of any person." *See* TEX. PENAL CODE ANN. § 21.11(c)(1); *see also Rodriguez v. State*, 24 S.W.3d 499, 502 (Tex. App.—Corpus Christi 2000, pet. ref'd). The charge also included full statutory definitions of "intentionally" and "knowingly."

A jury charge which injects the terms intentionally and knowingly into the specific intent offense of indecency with a child is error. *Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd) (finding harmless error); *Rodriguez*, 24 S.W.3d at 502; *see Jones v. State*, 229 S.W.3d 489, 492 (Tex. App.—Texarkana 2007, no pet.). The State concedes error in the charge, but contends any resulting harm was not egregious.

We next review the record to determine whether the charge error harmed Vanover. *See Almanza*, 686 S.W.2d at 174. In conducting this analysis, we consider (1) the charge itself, (2) the probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)); *Jones*, 229 S.W.3d at 493.

Looking at the charge as a whole, the abstract portion includes the correct definition of the offense of indecency with a child by sexual contact, including the specific intent to arouse or gratify. This portion of the charge thus informed the jury what the State was required to prove. *See Bazanes*, 310 S.W.3d at 37.

Although the charge defined intentionally and knowingly and included those terms in the application portion of the charge, those terms were not included in the abstract portion of the

5

charge defining the offense of indecency with a child by sexual contact. Further, under the application paragraph, the jury was instructed to return a guilty verdict only if it found Vanover did, with "intent to arouse or gratify [his] sexual desire . . . intentionally or knowingly engage in sexual contact . . . ." Given this phrasing, there is little risk the jury might believe any one of these culpable mental states, standing alone, would permit conviction. In the context of the entire charge, which correctly instructed the jury that it must find Vanover acted with the specific intent to arouse or gratify his sexual desire, the erroneous application paragraph appears less harmful. *See Bazanes*, 310 S.W.3d at 37.

In reviewing the state of the evidence, we note that the issue of Vanover's intent was not a contested issue at trial. Instead, Vanover's defense focused on Chloe's credibility. Likewise, rather than focusing on the erroneous mental states in the jury charge, the State focused on the commission of the offense. As recognized in *Jones*,

> [T]he intent of [Appellant] in touching [the child victim,] while it was a part of the State's required proof, was not a contested issue and consequentially [he] could not be egregiously harmed by the definition of the intentional and knowing state of mind.

*Jones*, 229 S.W.3d at 494 (citing *Saldivar v. State*, 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1989, no pet.) ("Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly.'")).

The jury argument likewise does not indicate egregious harm. The State's only comment on the issue of intent included the concept of gratification. The state asked, "Do you think there's any way possible that wasn't intentionally to gratify Mr. Vanover, the Defendant. No."

6

The only mention of intent was made in connection with the intent to gratify Vanover. No reference was made to an intentional or knowing touching during the State's jury argument.

Based on the foregoing analysis, we conclude that Vanover was not egregiously harmed by the jury instructions.

## III. Sufficient Evidence of Specific Intent

Vanover next contends the evidence was insufficient to support the conviction. His sufficiency argument is not, however, that the evidence failed to show beyond a reasonable doubt that he touched Chloe in the manner described at trial. Instead, Vanover maintains that the evidence was insufficient to show the intent to arouse or gratify his sexual desire.

### A. Standard of Review

In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Smith v. State*, 401 S.W.3d 915, 920 (Tex. App.—Texarkana 2013, pet. ref'd).

7

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

### B.     Analysis

Vanover argues that the evidence is insufficient to show that he had the statutorily required intent to "arouse or gratify . . . sexual desire." *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). The specific intent required for the offense of indecency with a child—intent to arouse or gratify the sexual desire of any person—can be inferred from the defendant's conduct. *Bazanes*, 310 S.W.3d at 40 (citing *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981)); *see Moore v. State*, 397 S.W.3d 751, 754 (Tex. App.—San Antonio 2013, no pet.). "An oral expression of intent is not required . . . ." *Williams v. State*, 305 S.W.3d 886, 891 (Tex. App.—Texarkana 2010, no pet.) (citing *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd)); *see Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd) (jury could infer intent to arouse or gratify sexual desire from defendant's act of touching child's genitals).

Chloe testified that Vanover rubbed her thighs, breasts, and buttocks as the pair watched television. This testimony regarding Vanover's conduct is sufficient evidence from which a jury—as the sole judge of the credibility of the witnesses and the weight to be given their

8

testimony—could reasonably infer that such conduct was undertaken to arouse or gratify Vanover's sexual desire. *See Bazanes*, 310 S.W.3d at 40. We, therefore, conclude that there was sufficient evidence to find the specific intent necessary to support Vanover's conviction of indecency with a child by sexual contact.

We overrule this point of error.

## IV.    Conclusion

We affirm the trial court's judgment.


                                            Jack Carter
                                            Justice

Date Submitted:    August 13, 2014
Date Decided:      September 3, 2014

Do Not Publish

9