**Opinion filed August 31, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00258-CR

_____

## JOSEPH SIEDL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20078B**

## M E M O R A N D U M   O P I N I O N

A jury found Appellant, Joseph Siedl,[1] not guilty of continuous sexual abuse of a child but guilty of the lesser included offenses of aggravated sexual assault of a child under the age of fourteen and three counts of indecency with a child by contact. *See* Tex. Penal Code Ann. § 22.021(a)(1)(A), (a)(2)(B) (West Supp. 2017). Punishment was assessed by the jury at twenty years for the count of aggravated sexual assault and two years, seven years, and ten years for the three counts of

---

[1]We note that the name on the indictment is "Joseph Siedl" but that the judgments contain Appellant's full name, "Joseph Joe Siedl."

indecency with a child by contact. In three issues, Appellant asserts the trial court erred in charging the jury (1) that it could convict Appellant of aggravated sexual assault of a child even if the victim was fourteen years of age or older, and (2) that it need not render a unanimous verdict regarding the lesser included offenses. Appellant also asserts that the evidence is insufficient to support three of the convictions for indecency because there was insufficient evidence to prove intent to arouse or gratify Appellant's sexual desire. We affirm.

*Background Facts*

A.D. was Appellant's stepdaughter. A.D. testified that, when she was twelve years old and the family was living in a trailer in Abilene, Appellant sexually abused her by touching the inside of her vagina with his finger, by touching her breast with his hand and mouth, and by making her put her hand on his penis and "pull up." These activities happened on more than one occasion while her mother was at work. The family lived in the trailer for approximately six months in 2012 before moving. The sexual abuse ceased before A.D. turned thirteen and the family moved to a new house. A.D. informed her mother of these activities in 2015 when A.D. saw Appellant seeking massages from her younger sister, and A.D. was concerned about possible abuse of her sister.

Appellant was charged with continuous sexual abuse of A.D. from on or about January 1, 2012, through May 1, 2013, (during a period of thirty days or more in duration) during which A.D. was twelve years old and, therefore, younger than fourteen years of age. Four sexual acts were alleged to have occurred during that time frame: (1) aggravated sexual assault by causing penetration of the female sexual organ of A.D. with Appellant's finger; (2) indecency with a child by touching the breast of A.D. with Appellant's hand; (3) indecency with a child by touching the breast of A.D. with Appellant's mouth; and (4) indecency with a child by causing the hand of A.D. to contact the genitals of Appellant. The aggravated sexual assault

2

offense's requirement that the victim be younger than fourteen years of age is the focus of Appellant's first issue.

At trial, A.D. and several other witnesses, including Appellant, testified. The charge was prepared, and Appellant failed to object to the charge based on the arguments he is presenting on appeal. The jury found Appellant not guilty of continuous sexual abuse, but found him guilty of aggravated sexual assault of a child under fourteen and three counts of indecency with a child by contact. Appellant timely appealed.

*Analysis*

I. *Jury Charge Error*

In his first two issues, Appellant contends that (1) the jury charge erroneously authorized the jury to find Appellant guilty of aggravated sexual assault of a child under the age of fourteen even if it was shown that A.D. was fourteen years of age or older and (2) the jury charge erroneously allowed for the possibility of a non-unanimous verdict as to all four of the lesser included offenses.

A. *Charge Error Relating to Victim's Age*

The offense of aggravated sexual assault applies to children under the age of fourteen. PENAL § 22.021(a)(2)(B). The jury was instructed that a person commits sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means, and aggravated sexual assault if he commits sexual assault and the child is younger than fourteen years of age.

Appellant's arguments are focused on an instruction that is in the abstract section, before the application paragraphs relating to continuous sexual abuse, and that is entitled "On or About." That instruction provided in part:

> [T]he State is not required to prove the exact dates alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the presentment of the indictment so long as said offenses, if any, occurred after September 1, 2007.

3

A similar instruction was repeated in the lesser included offenses section before the application paragraphs relating to the aggravated sexual assault offense. A.D.'s birthday is May 1, 2000; she turned fourteen on May 1, 2014. The indictment was presented October 8, 2015. In this case, the State had to prove that the offense of aggravated sexual assault of a child was committed before A.D. turned fourteen years old on May 1, 2014. Appellant argues the instruction permitted the jury to find Appellant guilty of aggravated sexual assault up until the time the indictment was presented when A.D. was over fourteen.

The State is generally not required to prove that an offense was committed on the date alleged in the indictment as long as the date of the offense was prior to the return of the indictment and within the statutory limitation period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *see Klein v. State*, 273 S.W.3d 297, 304 n.5 (Tex. Crim. App. 2008). Appellant contends, however, that the trial court erred by instructing the jury that this rule applied to his prosecution for continuous sexual abuse of a child and aggravated sexual assault of a child.

It was not error to instruct the jury that, in a prosecution for continuous sexual abuse of a child and lesser included offenses, the State is not bound to prove the exact dates alleged in the indictment. The State had only to prove that a thirty-day period of abuse occurred between January 1, 2012, and May 1, 2013. The issue is whether the trial court's charge sufficiently qualified the instruction by requiring the jury to find that the aggravated sexual assault offense had to be committed before May 1, 2014—when A.D. turned fourteen. *See Martin v. State*, 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd) (charge not erroneous where the application paragraph required the jury to find the victim was younger than fourteen when the acts of abuse occurred).

The "Accusation" paragraph informed the jury that, during the period from on or about January 1, 2012, through May 1, 2013, "when the defendant was seventeen

(17) years of age or older, [defendant committed] two or more acts of sexual abuse against [A.D.], a child younger than fourteen (14) years of age, namely, Aggravated Sexual Assault." The jury was further informed that a person commits aggravated sexual assault if "the child is younger than fourteen (14) years of age" at the time of the sexual assault. In the section of the charge entitled "Lesser Included Offenses," the jury was instructed that the child must be younger than fourteen years of age at the time of the sexual assault.[2] The application paragraphs for aggravated sexual assault provides that the jury must find that Appellant, on or about May 1, 2013, committed the offense and that, at the time of the offense, A.D. was a child younger than fourteen years of age.[3] The jury was specifically instructed that if it failed to find that, at the time of the offense, A.D. was a child younger than fourteen, it **must** find the defendant "not guilty" of aggravated sexual assault.

In examining the charge for possible error, reviewing courts "must examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012) (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)). "The purpose of the trial court's jury charge is to instruct the jurors on all of the law applicable to the case." *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim App. 2015) (citing *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012)). The application paragraph applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations. *Vasquez*, 389 S.W.3d at 366. Because that paragraph specifies the factual circumstances under which the jury should convict or acquit, it is the "heart and soul" of the jury charge. *Id.* at 367; *see Gray v. State*, 152 S.W.3d 125, 127–28 (Tex. Crim. App. 2004).

---

[2]The jury was instructed that the indecency with a child offenses must occur with a child younger than seventeen years of age. The indecency claims are not at issue in this appeal.

[3]The indecency offenses apply to victims younger than seventeen years of age at the time of the sexual contact specified in the statute.

In the charge before us, the application section relating to aggravated sexual assault was correct. It sets out the date of the offense as "on or about May 1, 2013," and the requirement that the victim was a child younger than fourteen at the time of the offense.

The Austin Court of Appeals addressed a similar issue involving a jury charge on continuous sexual abuse of a child in *Martin*. In *Martin*, the court's charge included an instruction that the State was not required to prove the exact dates alleged but could instead prove that the offense was committed at any time prior to the presentment of the indictment. 335 S.W.3d at 875. Additionally, the court instructed the jury that the offense of continuous sexual abuse of a young child applies only to children younger than fourteen years of age. *Id.* at 874. The application paragraph for count one required the jury to find that the victim was younger than fourteen when the acts of abuse occurred. *Id.* The jury knew from the evidence that the victim turned fourteen on January 27, 2008. *Id.* The Austin court determined that the additional instructions and application paragraphs qualified the statement of the general rule that the State is not required to prove when the offenses were committed as long as they were committed before the indictment was presented, and the court held that the instruction did not erroneously permit the jury to find continuous sexual abuse of a child for conduct committed after the child reached fourteen years of age.[4] *Id.*

We agree with the State that the court's charge was adequate to assure that the jury in this case did not convict Appellant of aggravated sexual assault based on conduct occurring after A.D.'s fourteenth birthday. The trial court instructed the jury that the offense of aggravated sexual assault of a child applies only to children younger than fourteen years of age. The application paragraph for aggravated sexual

---

[4]The Austin court did, however, find error because the instruction permitted the jury to find an offense prior to the effective date of the statute. *Martin*, 335 S.W.3d at 875.

6

assault required the jury to find that A.D. was younger than fourteen when the sexual assault occurred. The jury knew from the evidence that A.D. turned fourteen on May 1, 2014. Thus, notwithstanding the court's instruction regarding the nonbinding nature of the dates alleged in the indictment, the jurors were required to find that the aggravated sexual assault occurred before A.D.'s fourteenth birthday in order to convict Appellant of aggravated sexual assault. Considered as a whole, we hold that the court's charge was not erroneous in this regard. Based on the same reasoning and the fact that the relevant age for the offense of indecency with a child is seventeen years of age, we hold that the court's charge was not erroneous.

Even if the jury charge was erroneous, in the absence of any objection to the charge, reversal is proper only if the error caused actual egregious harm to Appellant. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). To determine whether error caused egregious harm, we look to the particular facts of the case and consider (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *Id.*; *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011).

Here, there was no allegation, evidence, or any argument of any offenses occurring after May 1, 2013. Consequently, if there was error, it was harmless. At trial, A.D. testified regarding the acts of sexual assault that Appellant committed when A.D. was twelve years old. According to A.D., by the time A.D. was thirteen years old, the family had moved from the trailer and the abuse had ceased. Furthermore, the State never argued that any offenses occurred after May 1, 2013— Appellant's thirteenth birthday. We overrule Appellant's first issue.

*B. Jury Unanimity*

Under Texas law, jury unanimity is required in all criminal cases. *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014); *Flores v. State*, 513 S.W. 3d 146,

147 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd.). A jury must reach a unanimous verdict about a specific felony that the defendant committed, meaning the jury must agree upon "a single and discrete incident that would constitute the commission of the offense alleged." *See Cosio*, 353 S.W.3d at 771 (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). While jury unanimity generally is not required on the alternate modes or means of commission, the jurors must all agree "that the defendant committed the same, single, specific criminal act." *See Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

A defendant may choose to require the State to elect a specific criminal act that it relies upon for conviction. *See Cosio*, 353 S.W.3d at 775. Even if the defendant does not require an election, "guaranteeing unanimity is ultimately the responsibility of the trial judge," and "[t]he trial judge is therefore obligated to submit a charge that does not allow for the possibility of a non-unanimous verdict." *Id.* at 776.

In the court's instructions relating to continuous sexual abuse was an instruction entitled "Specific Acts, If Any" that provided in part:

> You are instructed that members of the jury are not required to agree unanimously on which specific acts of sexual abuse, if any, were committed by the defendant or the exact date when those acts were committed, if any. The jury must agree unanimously that the defendant, during a period that was thirty (30) or more days in duration, committed two or more acts of sexual abuse as that term has been previously defined.[5]

Appellant agrees that this instruction was correct when applied to continuous sexual abuse of a child but argues that it was erroneously applied to the other lesser included offenses.

---

[5]This is a paraphrase of the continuous sexual abuse of a child statute, which does not require unanimity on the specific acts of sexual abuse. PENAL § 21.02(d).

8

The application paragraphs relating to continuous sexual abuse are followed by the instructions relating to the lesser included offenses. At the top of page seven is the title "Lesser Included Offenses" in large type and centered. Below that is a paragraph that provides: "All of the foregoing instructions and definitions provided for the alleged indicted offense, also applies to the alleged lesser included offenses, if any, described below." Thus, Appellant contends the instruction that the jury was not required to agree unanimously on which specific acts of sexual abuse, if any, were committed was incorporated into the instructions relating to the lesser included offenses. A closer review of the instructions relating to the lesser included offenses reveals otherwise.

In the application section for each lesser included offense, the elements of the offense were listed with the following admonitions:

- "You must all agree on elements . . . listed above."

- "If you all agree the state has failed to prove, beyond a reasonable doubt, elements . . . listed above, you must find the defendant 'not guilty' of [offense]."

- "If you all agree the state has proved each of the two elements above, beyond a reasonable doubt, you must find the defendant 'guilty' of [offense]."

The jury charge in its application section for each lesser included offense clearly advised the jurors that their verdict must be unanimous for each of the lesser included offenses. We do not believe the boilerplate language referencing the incorporation of the foregoing "instructions and definitions" from the indicted offense contradicted the specific instructions on unanimity that accompanied each lesser included offense in the charge.

Even if the jury charge erroneously permitted a non-unanimous verdict, in the absence of any objection to the charge, reversal is proper only if the error caused actual egregious harm to Appellant. *Arrington*, 451 S.W.3d at 840. For error to be

9

egregious, it must have affected the very basis of the case, deprived the accused of a valuable right, or vitally affected a defensive theory. *Id.*; *Cosio*, 353 S.W.3d at 777.

To determine whether error caused egregious harm, we look to the particular facts of the case and consider (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *Arrington*, 451 S.W.3d at 840; *Cosio*, 353 S.W.3d at 777.

As mentioned previously, the instruction regarding lack of unanimity clearly applied to the continuous sexual abuse offense of which Appellant was not convicted. When the jury moved to consider the lesser included offenses, the charge clearly required unanimity as to each offense. The four specific references to unanimity that accompanied each lesser included offense qualified the boiler plate language incorporating the previous instructions and definitions. Furthermore, the State never argued that the jury could find Appellant guilty of a lesser included charge on less than a unanimous verdict.

We look to the state of the evidence to determine actual harm by assessing "the likelihood that the jury would in fact have reached a non-unanimous verdict on the facts of [this] particular case." *See Jourdan,* 428 S.W.3d at 98. A.D. testified that each of the four lesser included offenses occurred in the manner and time in which they were alleged. *See Cosio*, 353 S.W. 3d at 777 (no egregious harm from erroneous charge regarding a question of juror unanimity when victim's testimony detailed each of four incidents of sex offense). Finally, the jury was polled and the court found the jury's verdict unanimous on each offense. Based on the charge, evidence, and the parties' arguments, Appellant did not suffer egregious harm by the submission of this charge. *See id.* We overrule Appellant's second issue.

II. *Sufficiency of the Evidence*

In his third issue, Appellant argues that the evidence at trial was insufficient to prove intent to arouse or gratify Appellant's sexual desire as required by the offense of indecency with a child by contact.

A. *Standard of Review*

To determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009); *Chavez v. State*, 324 S.W.3d 785, 786 (Tex. App.—Eastland 2010, no pet.). The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact is presumed to resolve conflicts in the evidence and inferences in favor of the prevailing party. *Jackson*, 443 U.S. at 326; *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

The elements of indecency with a child by contact are engaging in sexual contact with a child under seventeen years of age who is not the spouse of the person or causing the child to engage in sexual contact, whether the child is of the same or opposite sex. PENAL § 21.11(a)(1). Sexual contact includes (1) any touching by a person, including touching through clothing, of the anus, breasts, or any part of the

11

genitals of a child committed with the intent to arouse or gratify the sexual desire of any person or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c). The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd). Furthermore, the complainant's testimony alone is sufficient to support a conviction for indecency with a child. *Id.* at 40.

*B. Evidence*

A.D. testified that Appellant began to put his hands down her pants in August 2012, that he touched the inside of her vagina with his finger for approximately "a minute," and that he did this on multiple occasions. He also grabbed her hand and made her put it inside his underwear on his penis and "pull up." She said that "sperm" or maybe urine came out of his penis but she said it "probably wasn't" urine. Appellant also asked for massages, and he would expose himself while asking her to massage his legs. A sexual assault nurse examiner (SANE) also testified and confirmed that A.D. told her that Appellant would force A.D. to touch his privates and that he would kiss her and put his mouth on her vagina.

Appellant testified and denied doing any of the conduct for which he was charged. He stated he had no sexual contact with A.D. in any way to arouse or to gratify his sexual desire. At trial, Appellant attacked the credibility of A.D. He and A.D. had arguments over her boyfriend, the use of her mother's tablet, and her desire to live with her "real" dad.

*C. Legally Sufficient Evidence of Specific Intent*

The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel

12

Op.] 1981); *Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2017) (providing that conviction for indecency with a child is supportable by uncorroborated testimony of victim). "An oral expression of intent is not required; the conduct itself is sufficient to infer intent." *Connell*, 233 S.W.3d at 467 (citing *C.F. v. State*, 897 S.W.2d 464, 472 (Tex. App.—El Paso 1995, no writ)). Additionally, a complainant's testimony alone is sufficient to support a conviction for indecency with a child. *Id.* at 466.

Here, A.D. testified that Appellant put his hand under her underwear and touched her genitals, that he put his hand under her shirt and touched her breast, and that he took her hand and placed it on his penis. She said that his penis felt "hard." The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, could have inferred that from A.D.'s testimony that Appellant acted with the intent to arouse or gratify his sexual desire. *See McKenzie*, 617 S.W.2d at 216.

Viewing all of the evidence in the light most favorable to the prosecution and deferring to the jury's determination and evaluation of the witnesses' credibility and demeanor, we hold that there was evidence and reasonable inferences therefrom upon which a rational trier of fact could have found beyond a reasonable doubt that Appellant acted with the intent to arouse or gratify his sexual desire. *See Jackson*, 443 U.S. at 319; *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Accordingly, we hold that the evidence is legally sufficient to support Appellant's conviction, and we overrule his third issue.

*Conclusion*

Having overruled each of Appellant's issues, we affirm the judgments of the trial court.


REBECCA SIMMONS

FORMER JUSTICE


August 31, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, J.,
Simmons, F.J.,[6] and Wright, S.C.J.[7]

Willson, J., not participating.

---

[6]Rebecca Simmons, Former Justice, Court of Appeals, 4th District of Texas at San Antonio, sitting by assignment.

[7]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.